UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| RANDALL K. JACKMAN, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | CAUSE NO.: 2:12-CV-239-TLS |
| ARCELORMITTAL USA LLC, and ARCELORMITTAL BURNS HARBOR LLC, | ) | |
| Defendants. | ) | |

# OPINION AND ORDER

This matter is before the Court on a Motion for Summary Judgment [ECF No. 31] filed by the Defendants Arcelormittal USA LLC and Arcelormittal Burns Harbor LLC (hereinafter "Defendants") on June 20, 2014. For the reasons stated in this Opinion and Order, the Court will deny the Defendants' Motion for Summary Judgment.

## PROCEDURAL BACKGROUND

The Plaintiff filed this action in the Lake Circuit/Superior Court, Lake County, Indiana, on May 10, 2012 [ECF No. 1], alleging that the Plaintiff suffered injuries as a result of a slip and fall on a flight of stairs located on premises owned and controlled by the Defendants. The Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446(b) on June 18, 2012 [ECF No. 2]. On June 20, 2014, the Defendants filed a Motion for Summary Judgment [ECF No. 31], along with a corresponding Memorandum of Law in Support of Defendants' Motion for Summary Judgment [ECF No. 31]. The Plaintiff responded on August 15, 2014 [ECF No. 34]. The time for filing a reply has passed and the Motion is ripe for ruling.

The Plaintiff was at all times relevant to this lawsuit a citizen of Indiana. The Defendant

Arcelormittal USA LLC is a limited liability company, whose sole member, Arcelormittal Holdings, LLC, is a citizen of Nova Scotia; and the Defendant Arcelormittal Burns Harbor LLC is a limited liability company, whose sole member, ISG Acquisition Inc., is a citizen of Ohio. Complete diversity exists because the Plaintiff is not a citizen of the same State as any member of the Defendants, and the amount in controversy exceeds $75,000.

**FACTUAL BACKGROUND**

The Plaintiff alleges that on May 10, 2010, he was working as a contractor at the Defendants' steelmaking facility in Burns Harbor, Indiana, when he slipped and fell while walking down a flight of stairs. The Plaintiff claims that, prior to his fall, he observed that the stairs had been repainted with a paint containing "no additive." (Pl's Dep. 54.) According to the Plaintiff, the previous paint on the stairs did contain "additive," and as a result, it contained "a grip material" that created better traction. (*Id.* 43, 54.) The Plaintiff also noted that "more dust [was] on the stairs" following the repainting—and on the date of his fall, the stairs "had dust all over them." (*Id.* 54–55.) While descending the steps, the Plaintiff allegedly "slipped on the dust, miss[ed] a step and fell down the last three [steps]." (*Id.* 55.) The Plaintiff claims that "[t]here was only one stair that was slick . . . [and] that's the one [he] slipped on." (*Id.* 152.) The Plaintiff testified that, prior to his fall, he used the stairs approximately once per week, and that during such uses, he did not experience any issues that called into question the safety of the stairs. When asked at his deposition what caused him to fall, the Plaintiff replied, a "[c]ombination of the dust on the stairs and the paint." (*Id.* at 55.)

James Dillard—who was employed by the Defendants in their maintenance support

department during the relevant time period—confirmed at his deposition that he repainted the flight of stairs at issue in February 2010. When asked if there were "any discussions as to whether the paint that [he] used was slip resistant or not," Dillard said, "No." (Dillard Dep. 27–28.) Dillard also testified that, just prior to painting the stairs, he cleaned them to remove "grease buildup." (*Id.* 13.) According to Dillard, the grease buildup is due to the stairs being located in a "high traffic area" of the Defendants' facility, and within close proximity to "areas where grease is prevalent."[1] (*Id.* 49, 54–55.) Dillard said he is responsible for sweeping the stairs, a task usually performed once a month or "on an as need to basis." (*Id.* 31.) Dillard's supervisor, Sam Totten, also testified that cleaning the stairs was "not a routine thing," but "condition based." (Totten Dep. 17.) Totten added that no log was kept by the Defendants to track the cleaning of the stairs.

The Plaintiff's allegations of negligence on the part of the Defendants are essentially two-fold: (1) the Defendants failed to exercise reasonable care to prevent a hazardous condition on the flight of stairs; and (2) the Defendants failed to warn of a hazardous condition on the flight of stairs. (Compl. ¶ 5.) The Plaintiff is claiming compensatory damages and costs. (*Id.* ¶ 6.) The Defendant argues that, under Federal Rule of Civil Procedure 56, summary judgment is appropriate because no issues of material fact exist as to the Plaintiff's claims. (Def's Br. in Supp. of Summ. J., ECF No. 31.)

---

[1] Dillard specifically testified to the following: "[Question:] Now, out of all the words that you could have described to indicate substance on the stairs you used grease; correct? [Answer:] Right. [Question:] Why? [Answer:] A greasy substance after it dries and builds up with dirt, dust it becomes hard packed as people walk on it. If they're in the mill walking, there's areas where grease is prevalent. Their feet get dirty. They track it up and down the steps and it builds up." (Dillard Dep. 54.)

3

**SUMMARY JUDGMENT STANDARD**

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is the moment in litigation where the nonmoving party is required to marshal and present the court with evidence on which a reasonable jury could rely to find in his favor. *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). A court should only deny a motion for summary judgment when the nonmoving party presents admissible evidence that creates a genuine issue of material fact. *Luster v. Ill. Dep't of Corrs.*, 652 F.3d 726, 731 (7th Cir. 2011) (citing *United States v. 5443 Suffield Terrace*, 607 F.3d 504, 510 (7th Cir. 2010); *Swearnigen–El v. Cook Cnty. Sheriff's Dep't*, 602 F.3d 852, 859 (7th Cir. 2010)). Material facts are those that are outcome determinative under the applicable law. *Smith v. Severn*, 129 F.3d 419, 427 (7th Cir. 1997). Although a bare contention that an issue of material fact exists is insufficient to create a factual dispute, a court must construe all facts in a light most favorable to the nonmoving party, view all reasonable inferences in that party's favor, *see Bellaver v. Quanex Corp.*, 200 F.3d 485, 491–92 (7th Cir. 2000), and avoid "the temptation to decide which party's version of the facts is more likely true," *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003).

In a negligence action, summary judgment is appropriate if the defendant demonstrates that the undisputed material facts negate at least one element of the plaintiff's claim. *Goldsberry v. Grubbs*, 672 N.E.2d 475, 477 (Ind. Ct. App. 1996). However, a "jury's unique competence in applying the 'reasonable man' standard is thought ordinarily to preclude summary judgment in negligence cases." *TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 450 n.12 (1976); *see also*

*Gracyalny v. Westinghouse Elec. Corp.*, 723 F.2d 1311, 1316 (7th Cir. 1983) (noting that summary judgment is rarely appropriate in negligence cases because "questions concerning the reasonableness of the parties' conduct, forseeability and proximate cause particularly lend themselves to decision by a jury").

## DISCUSSION

"A federal court sitting in diversity jurisdiction must apply the substantive law of the state in which it sits." *Land v. Yamaha Motor Corp.*, 272 F.3d 514, 516 (7th Cir. 2001) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Jean v. Dugan*, 20 F.3d 255, 260 (7th Cir. 1994)). Both parties agree that Indiana law must be applied here.

In Indiana, actionable negligence consists of three elements: (1) a duty; (2) a breach of duty; and (3) injury to the plaintiff proximately caused by the defendant's breach. *Webb v. Jarvis*, 575 N.E.2d 992, 995 (Ind. 1991). In the context of premises liability, a possessor of land has a duty to keep property in a reasonably safe condition for business invitees. *Douglass v. Irvin*, 549 N.E.2d 368, 369 (Ind. 1990). Specifically, a possessor of land is liable for "physical harm caused to his invitees by a condition on the land if, but only if, he[:]

> [1] knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and[;]
>
> [2] should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and[;]
>
> [3] fails to exercise reasonable care to protect them against the danger."

*Burrell v. Meads*, 569 N.E.2d 637, 639–640 (Ind. 1991) (*quoting* Restatement (Second) of Torts § 343 (1965)). "Business invitees" include employees of independent contractors working on the

5

landowner's premises. *Ooms v. USX Corp.*, 661 N.E.2d 1250, 1252 (Ind. Ct. App. 1996), *trans. denied*, *overruled on other grounds by Smith v. Baxter*, 796 N.E.2d 242, 245 (Ind. 2003). The Court will now discuss each of the Plaintiff's negligence claims in turn.

A. **Claim for Failure to Prevent a Hazardous Condition**

It is undisputed that the Defendants owned the facility where the Plaintiff—a business invitee—was injured. As a result, the Defendants had a duty to keep the premises in a reasonably safe condition. Thus, to avoid summary judgment, the Plaintiff must establish specific facts which support an inference that (1) a condition on the flight of stairs created an unreasonable risk of harm and caused him to slip and fall (causation); and (2) the Defendants unreasonably failed to discover and remedy the hazardous condition (breach of duty).

1. *Hazardous Condition*

The Defendants argue that the Plaintiff has "failed to set forth any evidence that identifies the defect that allegedly caused him to slip and fall." (Def's Br. 6.) Indeed, "[n]egligence cannot be inferred from the mere fact of an accident, absent special circumstances." *Hale v. Cmty. Hosp. of Indianapolis*, 567 N.E.2d 842, 843 (Ind. Ct. App. 1991) (citation omitted) ("negligence cannot be established through inferential speculation alone."). A plaintiff must instead present "specific facts showing a genuine issue for trial." *Elkhart Cmty. Sch. Corp. v. Mills*, 546 N.E.2d 854, 855 (Ind. Ct. App. 1989).

For support, the Defendants cite *Hayden v. Paragon Steakhouse*, 731 N.E.2d 456 (Ind. Ct. App. 2000), and *Midwest Commerce Banking Co. v. Livings*, 608 N.E.2d 1010 (Ind. Ct. App.

1993). Both cases resulted in summary judgment for the defendant because the slip-and-fall plaintiff failed to specify what caused the fall at issue. In *Hayden*—a case involving a restaurant patron who suffered injuries after falling in a restaurant parking lot—the court specifically noted that, although the plaintiff alleged to have slipped and fallen on snow and ice, the plaintiff testified that "he did not see any snow on the pavement where he fell and that he did not know whether there was any ice in the area." 731 N.E.2d at 458. According to the court, "[w]ithout any evidence on how or why [the Plaintiff] fell, the [the Plaintiff is] relying on speculation and conjecture." *Id.* at 458. Similarly, the plaintiff in *Livings*—who suffered injuries after falling in a bank's reception area—"speculate[d] that she may have tripped on the carpet, or perhaps she was pushed by someone in line," but offered no specific facts as to what caused her fall. 608 N.E.2d at 1011–12 According to the court, the record "clearly reveals that [the Plaintiff] did not know what caused her fall." *Id.* at 1013.

Unlike the plaintiffs in *Hayden* and *Livings*, the Plaintiff here has put forward specific facts related to a hazardous condition at the Defendants' facility. The Plaintiff claims that he observed dust and non-additive paint on the stairs. (Pl's Dep. at 54–55) ("[Question:] Why were the stairs a problem on the day of the fall? [Answer:] Like I said, they had dust all over them."); ("[Question:] And did the paint that was on the stairs before this paint job [] have any additive in it? [Answer:] Sure did . . . you could see it in the paint."). The Plaintiff also specifically avers that the dust and non-additive paint caused his fall. *Id.* at 55 ("[Question:] So your testimony is that the dust caused you to fall? [Answer:] Combination of the dust on the stairs and the paint.") As such, the Plaintiff's claim as to the cause of his injury does not appear to rely on speculation or conjecture, but on specific facts derived from the Plaintiff's own observations.

7

The Plaintiff's allegation of a hazardous condition on the stairs is bolstered by the deposition of James Dillard, who testified that the stairs—due to their location in a "high traffic area" and within close proximity to "areas where grease is prevalent"—were prone to accumulating grease buildup that included "dirt [and] dust." (Dillard Dep. 49, 54–55.) Dillard also confirmed that the stairs had been repainted prior to the Plaintiff's fall and that no discussions took place as to the slip-resistance of the paint.

Again, summary judgment is rarely appropriate in negligence cases. *Gracyalny*, 723 F.2d at 1316. As such, Indiana courts have denied summary judgment on far less factual evidence of a hazardous condition, as compared to the evidence presented here. For example, in *Barsz v. Max Shapiro, Inc.*, the plaintiff testified in her deposition that she slipped on "something." 600 N.E.2d 151, 153 (Ind. Ct. App. 1992). She stated that it "was like [she] was outside on ice or maybe it was grease." *Id*. The *Barsz* court noted that "[a]lthough [the Plaintiff] did not specifically identify the object or defect that caused her fall, she did testify that she slipped on 'something,'" and thus, a finding of negligence would not require "inferential speculation." *Id.*

When viewing the facts in the light most favorable to the Plaintiff, and drawing all reasonable inferences therefrom, the Court finds that the Plaintiff has marshaled sufficient evidence to infer that a hazardous condition existed at the Defendants' facility and that this condition caused his fall.

## 2. *Discovery and Remedying of Hazardous Condition*

Next, the Defendants argue that the Plaintiff cannot show that the Defendants failed to exercise reasonable care to protect the Plaintiff against the alleged hazardous condition.

Specifically, the Defendants contend that the Plaintiff has produced no evidence to show that the Defendants had actual or constructive knowledge of the condition.

Indiana courts have defined constructive knowledge as a "condition [that] has existed for such a length of time and under such circumstances that it would have been discovered in time to have prevented injury if the storekeeper, his agents or employees had used ordinary care." *Wal–Mart Stores, Inc. v. Blaylock*, 591 N.E.2d 624, 628 (Ind. Ct. App. 1992), trans. denied (*citing F.W. Woolworth Co. v. Jones*, 130 N.E.2d 672, 673 (Ind. Ct. App. 1955)). An employee's knowledge of a hazardous condition on the employer's premises is imputed to the employer. *St. Mary's Med. Ctr. of Evansville, Inc. v. Loomis*, 783 N.E.2d 274, 279 (Ind. Ct. App. 2002).

The Defendants point out that the Plaintiff has submitted no evidence of any complaints or incidents involving the safety of the stairs prior to the Plaintiff's fall. However, such evidence—or lack thereof—does not preclude a jury's finding that the Defendants possessed actual or constructive knowledge of a hazardous condition. Here, Dillard—an employee of the Defendants who is charged with cleaning the stairs at issue—testified to his awareness of "grease buildup" that accumulates on stairs. (Dillard Dep. 54) ("[I]f [individuals are] in the mill walking, there's areas where grease is prevalent. Their feet get dirty. They track it up and down the steps and it builds up.") Dillard's awareness of the grease buildup—a potentially hazardous condition on the Defendants' premises—is necessarily imputed to the Defendants, irrespective of whether safety complaints or incidents resulted from such a condition.

The Defendants also cite for support *Schultz v. Kroger, Co.*, a case involving a plaintiff who fell on a clear liquid in a grocery store aisle. 963 N.E.2d 1141, 1143 (Ind. Ct. App. 2012). The court in *Schultz* granted summary judgment in favor of the defendant because the

defendant's employee testified that, approximately 5-10 minutes prior to the plaintiff's fall, the aisle was "clean and dry." *Id.* at 1145. According to the court, due to the short window of time between an employee being present in the area where the plaintiff fell and the plaintiff's fall, the Defendant did not have constructive knowledge of the hazardous condition. *Id.*

But here, despite the "high traffic" on the stairs, Dillard and his supervisor testified that the stairs were only cleaned roughly once per month, or "on an as need to basis." (*Id.* at 31; Totten Dep. 17.) This evidence contrasts with the evidence presented in *Schultz*, where the defendant only had 5-10 minutes to remedy a hazardous condition. A reasonable jury could infer here that a hazardous condition existed on the stairs for days, weeks, or even months; and that given the high amount of foot traffic on the stairs, the Defendants failed to maintain safe premises. *See Barsz*, 600 N.E.2d at 154 (testimony that "customers periodically spill food and drink" created a factual issue as to whether defendant restaurant was "diligent enough in ensuring a reasonably safe floor"); *Peterson v. Wal-Mart Stores, Inc.*, 241 F.3d 603, 604–05 (7th Cir. 2001) (noting that "where customer traffic is heavy and the probability of a slip and fall [is] therefore high . . . , frequent and careful patrolling" may be necessary).

When viewing the record in the Plaintiff's favor, the Court cannot find as a matter of law that the Defendants did not possess actual or constructive knowledge of the alleged condition of the stairs. Accordingly, a question of fact exists as to whether the Defendants breached their duty of care.

3.  *Affirmative Defense of Incurred Risk*

The Defendants further contend that, even if the Plaintiff has submitted sufficient

evidence to show the existence of a hazardous condition and the Defendants' failure to discover and remedy the condition, the Plaintiff "had specific knowledge of [the] dust" and therefore, assumed the risk of injury by proceeding down the stairs. (Def's Br. 15.)

A landowner's duty to exercise reasonable care for the safety of a business invitee "does not cease simply because the invitee learns of unsafe conditions on the premises." *Get-N-Go, Inc. v. Markins*, 550 N.E.2d 748, 751 (Ind. 1990). However, "the invitee's knowledge may [] be considered in determining his fault." *Id.* In particular, "the affirmative defense of incurred risk requires evidence of a plaintiff's actual knowledge and appreciation of the specific risk involved and voluntary acceptance of that risk." *Kostidis v. Gen. Cinema Corp. of Ind.*, 754 N.E.2d 563, 571 (Ind. Ct. App. 2001) (citation omitted); *see also Get-N-Go*, 550 N.E.2d at 750 ("incurred risk involves a mental state of venturousness on the part of the [invitee], and demands a subjective analysis into the actor's actual knowledge." (brackets omitted)). Thus, summary judgment may be appropriate when the invitee's "actual knowledge [of the hazardous condition] is conclusively shown." *Beckett v. Clinton Prairie Sch. Corp.*, 504 N.E.2d 552, 555 (Ind. 1987).

The Plaintiff did testify that, prior to his fall, he observed dust and non-additive paint on the stairs. However, these observations alone do not constitute "conclusive evidence" that the Plaintiff had actual knowledge of a slippery condition on the stairs. The Plaintiff testified that only one of the steps was "slick"—the step he slipped on—and that he proceeded down the first thirty steps without any indication that the steps were slippery. Moreover, the Plaintiff claims he had no prior incidents that called into question the safety of the stairs. Even if the Defendants can show that the Plaintiff possessed a general awareness of the risk posed by the stairs, such a showing does not equate to a "conscious, deliberate[,] and intentional" choice to incur a specific

11

risk. *Get-N-Go*, 550 N.E.2d at 749; s*ee also Kostidis*, 754 N.E.2d at 571 (to establish the affirmative defense of incurred risk, "a plaintiff must have more than the general awareness of a potential for mishap").

Although the affirmative defense of incurred risk only requires an analysis of a plaintiff's actual—or subjective—knowledge of a risk, *Kostidis*, 754 N.E.2d at 571, a reasonable jury could also find that the Plaintiff lacked objective knowledge of a hazardous condition on the stairs. Again, Dillard testified that the stairs were prone to grease buildup. No evidence suggests that such grease buildup was even visible to the Plaintiff. *See* Pl's Dep. at 55, 141 (the Plaintiff testified that the stairs "had dust all over them" and that more dust was located where he fell on the bottom of the stairs). Such evidence, coupled with the Plaintiff's infrequent use of the stairs, creates a reasonable inference that the Plaintiff lacked objective knowledge or awareness of a slippery condition on the stairs.

Accordingly, the Plaintiff's claim for failure to prevent a hazardous condition survives summary judgment.

**B.     Claim for Failure to Warn**

Lastly, the Defendants argue that no duty to warn exists because the Defendants lacked the requisite knowledge of the hazardous condition; and alternatively, no duty to warn exists because the condition was known and obvious.

When a landowner learns of a hazardous condition on his property, a duty exists to either remedy the condition or warn invitees. *Rawls v. Marsh Supermarket, Inc.*, 802 N.E.2d 457, 461 n.3 (Ind. Ct. App. 2004) (*citing Sowers v. Tri–County Tel. Co., Inc.*, 546 N.E.2d 836 (Ind.

1989)); *see also Coffman v. PSI Energy*, 815 N.E.2d 522, 527 (Ind. Ct. App. 2004) (a duty to warn exists if the premises owner "knows of the risk and realizes that it involves an unreasonable risk of harm to invitees."). However, there is no duty to warn invitees of dangers that are "known or obvious," unless the landowner should anticipate the harm despite such knowledge or obviousness. *Baxter*, 796 N.E.2d at 244 (quoting Restatement (Second) of Torts § 343A); *Ozinga Transp. Sys., Inc. v. Mich. Ash Sales, Inc.*, 676 N.E.2d 379, 385 (Ind. Ct. App. 1997). A "known" danger exists when the invitee "not only [has] knowledge of the existence of the condition or activity itself, but also appreciat[es] the danger it involves"; and an "obvious" danger exists when "both the condition and the risk are apparent to and would be recognized by a reasonable man . . . exercising ordinary perception, intelligence, and judgment." Restatement (Second) of Torts § 343A, Comment B.

As the Court already concluded above, the Plaintiff has submitted sufficient evidence to create a material issue of fact as to whether the Defendants possessed knowledge of the hazardous condition on the stairs. The Court also found that a reasonable jury could determine that the Plaintiff lacked knowledge—either actual or objective—of the hazardous condition on the stairs. Such findings necessarily preclude the Court from holding, as a matter of law, that the Defendants' did not have a duty to warn here due to the Defendants' lack of knowledge or due to the existence of a known and obvious danger. Because the Defendants provided no warning as to the possibility of slippery conditions on the stairs, and causation is generally presumed for liability under a failure to warn theory, *Kovach v. Caligor Midwest*, 913 N.E.2d 193, 196 (Ind. 2009), the Plaintiff's failure to warn claim should also proceed to trial.

## CONCLUSION

For the foregoing reasons, the Court DENIES the Defendants' Motion for Summary Judgment [ECF No. 31]. The Court SETS a telephonic status conference for March 26, 2015, at 10:00 AM. The Court will initiate the call.

SO ORDERED on February 25, 2015.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION